**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIE J. LONDON,**

                        **Plaintiff,**

  vs.                                                 **1:14-cv-01095**
                                                        **(MAD/RFT)**
**COUNTY OF ULSTER; ULSTER CO. D.A.**
**OFFICE; LAWRENCE BALL, City of Kingston**
**Court Judge; MATTHEW JANKOWSKI, Ulster**
**County D.A. Office; GERARD CAREY, ESQ**

                        **Defendants.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**WILLIE J. LONDON**
Plaintiff, *pro se*
*2040 Scarbrough Trail East*
*Stone Mountain, GA 30088*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff *pro se* commenced this action against Defendants County of Ulster, Ulster County District Attorney's Office, Honorable Lawrence Ball, Assistant District Attorney Matthew Jankowski, and attorney Gerard Carey (collectively "Defendants") pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Thereafter, Plaintiff made an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. *See* Dkt. No. 2. Magistrate Judge Randolph F. Treece granted Plaintiff IFP status but recommended that Plaintiff's entire complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) for failure to state a claim upon which relief can be granted and for naming defendants who are protected by absolute immunity. *See* Dkt. No. 5. Presently before the Court

are Plaintiff's objections to Magistrate Judge Treece's Report Recommendation and Order. *See* Dkt. No. 6.

## II. BACKGROUND

On January 18, 2012, Plaintiff was involved in a motor vehicle accident with one other vehicle. *See* Dkt. No. 1 at ¶ 1. Police Officers Eckert and Zell were approximately two hundred to three hundred feet from the accident when it occurred, and, therefore, they were on scene quickly. *See id.* at ¶ 50. Officer Eckert administered a field sobriety test to Plaintiff, and, according to Plaintiff, he passed the test although Officer Eckert advised Plaintiff that he failed. *See id.* at ¶¶ 55-57. Plaintiff was brought to the hospital for injuries that he sustained in the accident, and he demanded and consented to a blood alcohol test. *See id.* at ¶¶ 6, 34. One of the two collection tubes of blood were given to Office Eckert, who brought the tube back to the police station. *See id.* at ¶ 59. The tube of blood was left in Officer Eckert's personal locker for two days and was then sent by mail to the New York State Police crime laboratory, as alleged by Plaintiff. *See id.* at ¶ 60.

Plaintiff was given a ticket to appear at Kingston City Court on January 26, 2012 for driving while intoxicated and failure to yield the right of way. *See id.* at ¶¶ 9, 11. On January 19, 2012 – the day after the accident, Plaintiff contacted Parole Officer Sue Ann Lashley to advise her that he had move from the City of Poughkeepsie to an apartment in the City of Kingston, New York, as well as to advise Officer Lashley of his contact with police. *See id.* at ¶ 12. Officer Lashley was already aware of this information. *See id.* at ¶ 14. Plaintiff appeared before Defendant Judge Ball in Kingston City Court on January 26, 2012 and was remanded to Ulster County Jail with bail set at $5000. *See id.* at ¶¶ 15-16. While being processed at the jail, Plaintiff was served with a parole violations warrant. *See id.* at ¶ 16. At a court appearance in April 2012,

Plaintiff was assigned counsel, Defendant Gerard Carey, and Plaintiff provided to the Court and his assigned counsel a list of witnesses he wanted subpoenaed for trial. *See id.* at ¶¶ 21-23. On April 8, 2012, Plaintiff was handed a toxicology report from the New York State Police Mid-Hudson Regional Crime Laboratory that indicated, on the evening of the accident, Plaintiff's ethyl alcohol percent by weight was 0.12. This was also the day that trial was set to start, but Defendant Jankowski served an information charging Plaintiff with a violation of New York Vehicle and Traffic Law § 1992(2) based upon the laboratory results. *See id.* at ¶ 25. Plaintiff was arraigned on that information, and bail remained the same on the vehicle and traffic violation. *See id.* at ¶ 26. However, Plaintiff was also being held without bail on the parole violation warrant. *See id.* at ¶ 26.

Trial was rescheduled several times but, ultimately commenced on June 6, 2012. *See id.* at ¶ 26. Plaintiff contends that prior to trial he was not provided with "chemist reports, police reports, Rosario Material, Brady Material, Statements of all the Prosecutor's witnesses to testify at [] trial, as well as affidavits of prosecution witnesses before they took the witness stand" and that his objections at trial were overruled. *See id.* at ¶ 27. According to Plaintiff, this material was not provided to him until trial had commenced. *See id.* at ¶¶ 27, 32. Plaintiff claims that throughout the trial Defendants Ball, Jankowski, and Carey "were united [in] trying to convict [Plaintiff]." *See id.* at ¶ 32. In particular, Plaintiff accuses these Defendants of tampering with evidence, allowing misleading and fraudulent testimony, conspiring to deceive, trick, and hide evidence, among other things. *See id.* at ¶ 32. Allegedly, Plaintiff's repeated objections to Defendant Jankowski's use of evidence that had not previously been provided to Plaintiff were ignored by Defendant Judge Ball. *See id.* at ¶ 34.

Plaintiff's contends that, in an effort to prejudice the jury against him, Defendants Judge Ball, Jankowski, and Carey also acted to falsely file an order of protection against Plaintiff preventing his contact with the other driver in the motor vehicle accident, Jacklyn D. North. *See id.* at ¶¶ 42-44. Plaintiff also claims that Defendant Carey joined with Defendants Jankowski and Judge Ball to eliminate all of Plaintiff witnesses "from exposing the perjury, conspiracy to convict [Plaintiff] based upon fabricated testimony and perjury by prosecution witnesses." *See id.* at ¶¶ 52, 71. Defendant Carey explained at trial that, except for one, he was unable to locate Plaintiff's witnesses. *See id.* at ¶ 70. The facts are not clear, but it appears that there was a compromise of Plaintiff's blood sample and/or the collection tubes were not ever labeled with Plaintiff's name. *See id.* at ¶ 36-37. Ultimately, the jury found that Plaintiff was not guilty of driving while intoxicated. *See id.* at ¶ 79.

Plaintiff returned to the Ulster County Jail on the parole violation warrant, which alleged failure to notify Officer Lashley of police contact, driving while intoxicated, and failure to yield the right of way, but the traffic violations were dismissed from the parole violations**.** *See id.* at ¶¶ 80, 92. Plaintiff appeared on the traffic ticket for failure to yield on June 18, 2012, and Defendant Judge Ball found him guilty and imposed a fine. *See id.* at ¶ 83. Plaintiff appeared before an Administrate Law Judge ("ALJ") for his parole violation hearing on June 25, 2012 requesting a transfer to the State of Georgia to be with his family. *See id.* at ¶ 91. The ALJ apparently revoked Plaintiff's parole and sentenced him to twelve months with a six-month credit for time served. *See id.* at ¶ 93. Plaintiff was then transferred from county jail to the state prison system on August 17, 2012. *See id.* at ¶ 97. In the late Fall of 2012, Plaintiff was diagnosed with pneumococcal meningitis bacteremia and was hospitalized until January 2013. *See id.* at ¶¶ 99-

4

100. Plaintiff's parole transfer to the State of Georgia was approved and, upon release from the hospital and prison, he traveled there. *See id.* at ¶ 102.

Plaintiff contends that Defendants Ball, Jankowski, and Carey were motivated by racial prejudice when they allegedly violated his federal and state constitutional rights. *See id.* at First through Fourth Causes of Action. According to Plaintiff, Defendants conspired with parole officials, City of Kingston police officers, a New York State Police forensic scientist, a hospital nurse, and Jacklyn North to commit perjury, fraud, harassment, false arrest, unlawful imprisonment, witness tampering, and destruction of evidence. *See id.* at Fourth Cause of Action. Plaintiff is seeking monetary, injunctive, and declaratory relief. *See id.* at Prayer For Relief.

### III. DISCUSSION

**A.     Standard of Review**

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards pro se litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable

5

allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)) (internal quotation marks omitted). However, this does not mean that a *pro se* litigant is excused from following procedural requirements. *See id.* (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)).

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.      Report Recommendation and Order**

Magistrate Judge Treece recommends that Plaintiff's complaint be dismissed in its entirety because Plaintiff has failed to state a cause of action for which relief can be granted and named defendants who are immune from such relief. *See* Dkt. No. 5. Magistrate Judge Treece found that Defendant Carey, as assigned counsel, is not a state actor and, therefore, can not be liable to Plaintiff under 42 U.S.C. § 1983 ("§ 1983"). *See id.* With regard to Defendants Jankowski and Judge Ball, Magistrate Judge Treece found that both Defendants were absolutely immune from suit. *See id.* Although Plaintiff named Ulster County District Attorney's Office and the County of Ulster as Defendants, Magistrate Judge Treece found that Plaintiff did not assert any facts or

6

causes of action against such entities and that the employees of these entities are not subject to suit under § 1983. *See id.* Magistrate Judge Treece acknowledges Plaintiff's voluminous and broad accusations of bias, coercion, and conspiracy but finds them to be "a cavalcade of conclusions and not facts upon which this Court may find that a plausible claim has been pled." *See id.*

## C.  Plaintiff's Objections

In his objections, Plaintiff argues that Defendant Judge Ball does not have absolute immunity from declaratory and injunctive relief. *See* Dkt. No. 6.[1] Indeed, Plaintiff does seek injunctive and declaratory relief in his complaint. *See* Dkt. No. 1 at Prayer for Relief. However, Plaintiff is not correct in his assertion that Defendant Judge Ball is not immune from such relief. "Congress statutorily provided for such immunity by amending 42 U.S.C. § 1983 to provide that in 'any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Ashmore v. State*, No. 12–CV–3032, 2012 WL 2377403, *3 (E.D.N.Y. June 25, 2012) (citing 42 U.S.C. § 1983, *as amended by* Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996)); *see also Haynes v. Schimelman*, No. 3:99CV2553, 2000 WL 502623, *1 (D. Conn. Mar. 8, 2000); *Finn v. Cnty. of Albany*, No. 98-CV-844, 1999 WL 291820, *5 (N.D.N.Y. May 5, 1999); *Kampfer v. Scullin*, 989 F. Supp. 194, 201-02 (N.D.N.Y. 1997).

---

[1] Although not raised by Plaintiff in his objections, the Court finds that, to the extent that Plaintiff was seeking injunctive and declaratory relief against other named Defendants, Plaintiff is unable to satisfy the threshold requirement of an actual case or controversy as required by Article III of the Constitution. Plaintiff's complaint does not establish that he is any "more entitled to an injunction than any other citizen . . . and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices . . . are unconstitutional. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

Plaintiff does not allege in the complaint that a declaratory decree was ever entered or that declaratory relief was unavailable.  Declaratory relief was available to Plaintiff, as he could have sought a writ of prohibition through an Article 78 proceeding, among other relief, or brought a declaratory judgment action in state court.  *See, e.g., Matter of Green v. Demarco*, 87 A.D.3d 15 (4th Dep't 2011).  Thus, any claim for injunctive relief is barred by § 1983.  Plaintiff's remaining arguments are conclusory and merely recitations of those arguments previously made.  Accordingly, the Court has reviewed the Report Recommendation and Order for clear error on the face of the record.  The Court concludes that the Report Recommendation and Order is well-reasoned and is not clearly erroneous.  Magistrate Judge Treece employed the proper legal standard, accurately recited the facts, and reasonably applied the law to those facts.

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).  However, the Court finds that the defects in Plaintiff's claims are substantive rather than mere form, and, as set out in Magistrate Judge Treece's Report Recommendation and Order, leave to amend in the current case would be futile.  *See* Dkt. No. 5 at 8-9.  Accordingly, the Court adopts Magistrate Judge Treece's Report Recommendation and Order recommending that Plaintiff's claims be dismissed without leave to amend.  The Court also declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over Plaintiff's state law claims under Article 1, §§ 2, 6, and 11 of the New York State Constitution, New York Penal Law, and New York Rules of Professional Conduct.

### IV. CONCLUSION

Having reviewed Magistrate Judge Treece's Report Recommendation and Order, Plaintiff's submissions, and the applicable law, the Court finds that Magistrate Judge Treece correctly recommended that the Court should dismiss Plaintiff's complaint.

In light of the foregoing, the Court hereby

**ORDERS** that Magistrate Judge Treece's Report Recommendation and Order (Dkt. No. 5) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's federal claims are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's state law claims under Article 1, §§ 2, 6, and 11 of the New York State Constitution, New York Penal Law, and New York Rules of Professional Conduct are **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 9, 2015
Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge